CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 1 2 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

JERALDINE C. ROGERS, )
          )    Civil Action No. 7:05CV00158
         **Plaintiff,** )
          )    **MEMORANDUM OPINION**
v. )
          )
UNITED STATES POSTAL SERVICE, )
          )    **By: James C. Turk**
         **Defendant.** )    **Senior United States District Judge**

       In this Warrant in Debt civil action, plaintiff Jeraldine C. Rogers seeks indemnification from defendant United States Postal Service (Postal Service) in the amount of $500.00 for a piece of artwork (mailpiece) she mailed with insurance coverage to her client in the United States Virgin Islands. Rogers alleges that the mailpiece was not delivered as addressed and was never received by her client, the addressee. Rogers exhausted her administrative remedies with the Postal Service, which denied her claim for indemnity because her mailpiece was delivered undamaged as addressed. The Postal Service properly removed this action from the General District Court for the City of Roanoke on March 21, 2005. This matter is before the court on the Postal Service's motion to dismiss, or in the alternative motion for summary judgment. The court treats the Postal Service's motion as one for summary judgment. A hearing was held on November 16, 2005, at which the parties presented oral arguments. Following consideration of the parties' arguments, briefs, affidavits and other evidence, the court finds that no issue of material fact exists concerning whether Rogers's mailpiece was delivered as addressed. Therefore, the court grants the Postal Service's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## I.

The facts in this case are as follows.[1]  Rogers owns and runs a photography business.  On January 13, 2003, Rogers shipped a watercolor portrait to her client, Amy Land-de-Wilde, in the Virgin Islands.  At the post office, Rogers asked the Postal Service counter-person to advise her of the safest and best manner in which to ship the art work.  In response, the counter-person informed Rogers that she should send the mailpiece by registered mail to guarantee that it would be delivered to the named recipient, and that she should purchase insurance to cover the value of the mailpiece should it be lost or destroyed en route to the Virgin Islands.  Rogers contends that she relied on this advice because she shipped the mailpeice by registered mail and paid for insurance.  Rogers addressed the mailpiece to her client at her business address upon her request.[2]  However, Rogers claims that her client, who was the named recipient, never received the mailpiece, but that it was misdelivered and mishandled because it was instead delivered to and received by Myron Philburt, whom Rogers does not know.

Rogers alleges that the counter-person never advised her that she had the additional option of shipping the mailpiece by restricted delivery, which would have guaranteed delivery to

_____

[1]Rogers maintains that the court may not grant either defendant's motion to dismiss, or in the alternative motion for summary judgment because Rogers pleaded no facts in this case, but instead filed a general Warrant in Debt form in the General District Court for the City of Roanoke; defendant then removed this action to federal court.  Thus, Rogers contends that no specific facts have been pleaded in this case to assist the court in its determination of defendant's motion.  Br. Opp. to Def.'s Mot. Dismiss or in the Alternative Mot. Summ. J., 1.  However, Rogers proceeds to assert and argue the facts of this case in her brief in opposition to defendant's motion, and also did so at the November 16, 2005 hearing.  Id.

[2]At the November 16, 2005 hearing, Rogers averred that her client, Amy Land-de-Wilde, requested that Rogers ship the mailpiece to her business address, which is a real estate office she maintains in the Buccaneer Hotel, St. Croix, United States Virgin Islands.  This is the address where Rogers shipped the mailpiece.

2

only the named recipient, her client Amy Land-de-Wilde. Rogers asserts that these facts show that she entered into a contract with the Postal Service to safely ship the mailpiece, and that the Postal Service breached that contract because the mailpiece was not delivered to the named recipient, her client. Rogers therefore claims that the Postal Service is estopped from arguing that Rogers cannot recover the value of the mailpiece.

The Postal Service responds that Rogers's mailpiece was delivered as addressed on January 17, 2005 and was not damaged. See Def.'s Mem. Support Mot. for Dismissal or in the Alternative for Summ. J., Ex. A, attachment 1, 6. Furthermore, the Postal Service maintains that registered mail is the most secure form of mailing available and is delivered in accordance with normal delivery standards, which allows delivery to an authorized agent of the addressee as designated by the addressee. However, the Postal Service avers that Rogers did not ship the mailpiece by registered mail as she alleges, but that she shipped the mailpiece by using only insurance, which covers loss, damage, or rifling of the mailpiece prior to delivery. See Def.'s Reply Br., 1-2, Ex. A, attachment 9; Def.'s Mem. Support Mot. for Dismissal or in the Alternative for Summ. J., 2. Nonetheless, the Postal Service maintains that even were Rogers to have shipped the mailpiece by registered mail, the delivery was proper because Amy Land-de-Wilde, Rogers's client and the named addressee to whom she sent the mailpiece, designated Myron Philburt, an employee of the Buccaneer Hotel, as an authorized agent to receive mail addressed to Land-de-Wilde at her business address, located in that hotel.[3] See Def.'s Mem.

---

[3]Land-de-Wilde's business address is a post office box maintained by the Buccaneer Hotel, where her office is also physically located. See Def.'s Mem. Support Mot. for Dismissal or in the Alternative for Summ. J., Ex. A, attachment 2, 3, 7. Several other businesses have offices in the Buccaneer, and Myron Philburt typically picks up the mail and takes it to the hotel; hotel employees then distribute the mail to the various businesses. See id.

Support Mot. for Dismissal or in the Alternative for Summ. J., Ex. A, attachment 2, 3.

Moreover, the Postal Service contends that Land-de-Wilde is not even an authorized recipient for her business address because the address is a post office box which receives mail for all businesses operating in that hotel. See Def.'s Reply Br., 1-2, Ex. A, attachment 9; see also supra note 3. On January 17, 2005, Philburt, as an authorized agent recipient of the post office box, properly signed for and received the mailpiece that Rogers shipped to her client, Land-de-Wilde. See Def.'s Mem. Support Mot. for Dismissal or in the Alternative for Summ. J., Ex. A, attachment 7, 9. The Postal Service contends that because Rogers did not ship the mailpiece by restricted mail, nor by registered mail, the mailpiece was properly delivered. See id.; Def.'s Reply Br., 1-2, Ex. A, attachment 9. Furthermore, the Postal Service replies that Rogers's complaint is therefore more properly with Philburt for not delivering the mailpiece to Land-de-Wilde, or with Land-de-Wilde for requesting that she ship the mailpiece to her business address as opposed to her personal address, which is where Rogers mailed the invoice for the mailpiece. See Def.'s Reply Br., 1-2. Thus, in sum, the Postal Service argues that contract law does not apply under these facts because this action is governed by applicable postal regulations concerning mail delivery services; the mailpiece was shipped as addressed and received undamaged on January 17, 2003, and therefore the Postal Service also properly denied Rogers's indemnity claim; and that to the extent Rogers's claim may be found in tort, her claim is barred by sovereign immunity.

## II.

Upon a motion for summary judgment, the court must view the facts and inferences to be drawn from those facts in the light most favorable to the non-moving party. E.g., Matsushita

4

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Nguyen v. CNA Corp., 44

F.3d 234, 236-37 (4th Cir. 1995). The party seeking summary judgment must come forward and

demonstrate the absence of a genuine issue of material fact, and the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(c),(e); see also, e.g., Celotex Corp. v. Catrett,

477 U.S. 317 (1986). A whit of evidence is insufficient to defeat a motion for summary

judgment. Fed. R. Civ. P. 56(e); see also, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986) ("The opposing party must demonstrate that a triable issue of fact exists; he may not

rest on mere allegations or denials.").

Where a motion for summary judgment concerns an administrative agency decision, the

Administrative Procedures Act applies and judicial review is limited. 5 U.S.C. § 706(2)(A)

(2005). Under this statute, the court may set aside agency action only upon finding it is

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id.

Thus, an agency's actions are presumed correct and fair, and the plaintiff has the burden of

overcoming that presumption. E.g., Arkansas Poultry Federation v. U.S. Environmental

Protection Agency, 852 F.2d 324, 325 (8th Cir. 1988) (citing, Citizens to Preserve Overton Park,

Inc. v. Volpe, 401 U.S. 402, 415 (1971)). Furthermore, summary judgment motions regarding

the decision of an administrative agency stand "in a somewhat unusual light, in that the

administrative record provides the complete factual predicate for the court's review." Krichbaum

v. Kelley, 844 F. Supp. 1107, 1110 (W.D. Va. 1994). Because the factual record is closed, the

burden that a plaintiff faces on summary judgment is not "materially different from h[er] ultimate

burden on the merits". Fener v. Hunt, 971 F. Supp. 1025, 1031 (W.D. Va. 1997). Therefore, to

survive summary judgment, "the plaintiff must point to facts in the administrative record—or to

factual failings in that record–which can support h[er] claims under the governing legal standard." Krichbaum, 844 F. Supp. at 1110.

## III.

In the action before this court, there is no genuine issue of material fact whether Rogers's mailpiece was delivered as addressed.[4] Contrary to Rogers's assertion, basic contract law does not apply because domestic mail services are governed by statutory authority set forth in the Postal Service regulations. See 39 C.F.R. § 111.1, 211.2; see also, e.g., Maryland Casualty Co. v. U.S., 251 U.S. 342, 349 (1920) (reasoning that it is well settled law that agency regulations have the force and effect of law if not in conflict with express statutory provisions). First, the Domestic Mail Manual is incorporated in the Postal Service regulations and provides that the

---

[4]Rogers does not raise a tort claim in this action. However, the Postal Service responds that to the extent Rogers's claim may be found in tort, the doctrine of sovereign immunity bars her claim.

Under the Federal Tort Claims Act (FTCA), Congress waived in part sovereign immunity against the United States where a plaintiff seeks damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). However, tort actions against the Postal Service which arise "out of the loss, miscarriage, or negligent transmission of letters or postal matter" are exceptions to the FTCA. 28 U.S.C. § 2680(b). Thus, claims of this sort may not be brought against the Postal Service because it maintains its immunity from suit pursuant to the FCTA. Id.

Rogers's claim is for money damages–to recover the value of her mailpiece, which she alleges was misdelivered. Therefore, the court notes that were Rogers to bring her indemnity claim against the Postal Service in tort, it would be precisely the type of claim that Congress exempted from the FCTA, and her claim would be barred by the doctrine of sovereign immunity. See Anderson v. U.S. Postal Serv., 761 F.2d 527, 528 (9th Cir. 1985) (citing, Insurance Co. of North America v. U.S. Postal Service, 675 F.2d 756, 757-58 (5th Cir. 1982) (per curiam); Sportique Fashions, Inc. v. Sullivan, 597 F.2d at 665 (9th Cir. 1979) (dictum)) ("Therefore, Anderson's tort claim against the Postal Service for loss of his package during the robbery was barred by sovereign immunity and the district court properly dismissed it.").

6

agency's responsibility for registered mail and insurance coverage ends with its proper delivery to the recipient or another party. 39 C.F.R. § 211.2; DMM § 1.1.7(e). When delivery is not restricted but is registered or insured for more than fifty dollars, "mail addressed to a person at a hotel, apartment house, etc., may be delivered to any person in a position to whom mail for that location is usually delivered." DMM § 1.1.7(d). Rogers shipped the mailpiece to her client at her client's post office box business address, which is located in the Buccaneer Hotel. Myron Philburt is the authorized agent to receive mail at that post office box address, and he is the person to whom mail is usually delivered on behalf of the businesses that operate in that hotel. Moreover, Rogers's client, Land-de-Wilde, named Philburt as her authorized agent to receive mail addressed to her at her business. Second, Rogers did not send the mailpiece by restricted or registered mail, but did purchase postal insurance. Insurance covers only loss, damage, or rifling of the mailpiece prior to delivery. DMM § 503.4.2.1(a). A recipient addressee, or addressee's authorized representative, may inspect the mailpiece upon delivery before accepting the delivery or signing the delivery confirmation receipt. DMM § 1.1.7(a). Philburt, as the authorized agent, signed the delivery confirmation receipt upon delivery of Rogers's mailpiece on January 17, 2003. Philburt had the opportunity to inspect the mailpiece prior to signing the receipt. Third, upon these facts the Postal Service determined that the delivery was proper, and denied Rogers's indemnity claim.

Rogers does not deny any of these facts, and she fails to point to any fact in the Postal Service record which supports her indemnity claim before this court. See Krichbaum, 844 F. Supp. at 1110. Rogers premises her claim upon the sole fact that her client did not sign the delivery receipt, but that Philburt did; and argues that because Philburt was not the addressee,

7

therefore the delivery was not proper. Rogers ignores the fact that Philburt is the authorized agent to receive her client's mail as designated by her client. See Fener, 971 F. Supp. at 1031. Under the applicable Postal Service regulations there is no dispute that the delivery of the mailpiece was proper and the agency's responsibility ended upon delivery. See DMM §§ 1.1.7(a), (d)-(e), 503.4.2.1(a). Clearly, under the facts in the record, the Postal Service's actions were not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Therefore, the court presumes that the agency's decision was correct and fair, and may not set aside the agency's denial of Rogers's indemnification claim. See Id.; Arkansas Poultry Federation, 852 F.2d at 325. Finally, viewing the facts in the light most favorable to Rogers, the court finds that no genuine issue of material fact exists whether the mailpiece was properly delivered. See Fed. R. Civ. P. 56(c),(e); Anderson, 477 U.S. at 248.

IV.

For the reasons stated, the court grants defendant's motion for summary judgment.

**ENTER**: This _12th_ day of December, 2005.

SENIOR UNITED STATES DISTRICT JUDGE

8